**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

OKSANA HRYN an individual and citizen
of the Ukraine, YELYZAVETA LATA
A/K/A ELIZAVETA LATA an individual
and citizen of the Ukraine, IHOR
USHENKO an individual and citizen of the
Ukraine, VOLODYMYR HREN an
individual and citizen of the Ukraine,
ASTOR ASSET MANAGEMENT LTD.,  a
corporation incorporated in St. Kitts and
Nevis, ASTOR ASSET MANAGEMENT 1
LTD., a corporation incorporated in St. Kitts
and Nevis, ASTOR ASSET
MANAGEMENT 2 LTD., a corporation
incorporated in St. Kitts and Nevis, ASTOR
ASSET MANAGEMENT 3 LTD., a
corporation incorporated in St. Kitts and
Nevis, ASTOR ASSET MANAGEMENT 4
LTD., a corporation incorporated in St. Kitts
and Nevis, ASTOR ASSET
MANAGEMENT 7 LTD., a corporation
incorporated in Anguilla, AMERICA 2030
CAPITAL LIMITED, a corporation
incorporated in St. Kitts and Nevis,
AMERICA 2030 CAPITAL 1 LIMITED, a
corporation incorporated in St. Kitts and
Nevis, AMERICA 2030 CAPITAL 2
LIMITED, a corporation incorporated in St.
Kitts and Nevis, AMERICA 2030 CAPITAL
3 LIMITED, a corporation incorporated in
St. Kitts and Nevis, AMERICA 2030
CAPITAL 4 LIMITED, a corporation
incorporated in St. Kitts and Nevis,
AMERICA 2030 CAPITAL 5 LIMITED, a
corporation incorporated in St. Kitts and
Nevis, ASTOR CAPITAL FUND LTD., a
corporation incorporated in the Bahamas,
BENTLEY ROTHSCHILD CAPITAL
LIMITED, a corporation incorporated in St.
Kitts and Nevis, BENTLEY ROTHSCHILD
CAPITAL 1 LIMITED, a corporation
incorporated in St. Kitts and Nevis,
BENTLEY ROTHSCHILD CAPITAL 2
LIMITED, a corporation incorporated in St.
Kitts and Nevis, BENTLEY ROTHSCHILD
CAPITAL 3 LIMITED, a corporation
incorporated in St. Kitts and Nevis,
BENTLEY ROTHSCHILD CAPITAL 4

Case:

**ORDER TO SHOW CAUSE FOR
AN ORDER OF PREJUDGMENT
ATTACHMENT AND
TEMPORARY AND
PRELIMINARY INJUNCTION**

1

LIMITED, a corporation incorporated in St.
Kitts and Nevis, BLACKROCK CAPITAL
LLC, a corporation incorporated in the
Bahamas, SAL OPPENHEIM LTD., a
corporation incorporated in Seychelles,
BEAR STERNS COMPANIES, a
corporation incorporated in Seychelles,
BENTLEY BRONFMAN CAPITAL LTD.,
a corporation incorporated in Belize,
DREYFUS CORPORATION, a corporation
incorporated in Belize, LINCOLN
CAPITAL LTD., a corporation incorporated
in Belize, NEWBURGH CAPITAL LTD.,  a
corporation incorporated in Belize,
SOVEREIGN LIQUIDITIY FUND, LTD., a
corporation incorporated in Alaska,
SOVEREIGN LIQUIDITY FUND,
COMPANY 1 LTD., a corporation
incorporated in Alaska, SOVEREIGN
LIQUIDITY FUND, COMPANY 2 LTD., a
corporation incorporated in Alaska,
SOVEREIGN LIQUIDITY FUND,
COMPANY 3 LTD., a corporation
incorporated in Alaska, STATE STREET
GLOBAL ADVISORS LTD., a corporation
incorporated in the Bahamas, UNION
PACIFIC CAPITAL LTD., a corporation
incorporated in Belize, AC CAPITAL
LIMITED, a corporation incorporated in
Anguilla, BSC CAPITAL LTD., a
corporation incorporated in Belize,
CORNELIUS VANDERBILT CAPITAL
MANAGEMENT LTD., a corporation
incorporated in Belize, and AURELIUS
CAPITAL MANAGEMENT LTD., a
corporation incorporated in Belize

                Plaintiffs,
     vs.

WEISER GLOBAL CAPITAL MARKETS
LTD., a Bahamas private limited company,
CHRISTOS LIVADAS a/k/a CHRIS
LIVAS, in his official capacity and
individually, a citizen of Canada and
permanent resident of the Bahamas, HONG
"RAINBOW" YANG, an individual and
citizen of Hong Kong, CHRIS
PAPAIOANNOU a/k/a CHRISTOS

2

PAPAIOANNOU, an individual,
COURTNEY FILIPENKO, an individual,
RAHUL KIRPALANI, an individual,
SELBY BRICE, an individual, JOSE
MARMOLEJO, an individual, JAMAAL
STUBBS an individual and citizen of the
Bahamas, WEISER GLOBAL ASSET
MANAGEMENT, a corporation
incorporated in the Bahamas, WEISER
ASSET MANAGEMENT, a corporation
incorporated in the Bahamas, and DOES 1-
20.
                    Defendants.

Upon the Affirmation of Ross E. Pitcoff, Esq. in Support of Plaintiffs' Order to Show

Cause, dated October 11, 2021, and the exhibits annexed thereto, Plaintiffs' Memorandum of Law

in Support of its Order to Show Cause, dated October 11, 2021, all the pleadings and proceedings

heretofore, and all the findings made by this Court herein, sufficient reason appearing therefore, it

is hereby:

ORDERED that the above named Defendants show cause before a motion term of this

Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County, and

State of New York, on October _____, 2021, at _____ o'clock in the _____noon thereof,

or as soon thereafter as counsel may be heard, why an order should not be issued:

(i)      Pursuant to Fed. R. Civ. Pro. 64 and CPLR § 63, compelling Defendants to transfer

any an all cash considerations in Defendants' brokerage/bank/depository/custodian accounts, or in

any brokerage/bank/depository/custodian accounts created for the benefit of, managed by,

controlled by, affiliated with, or opened for use/used in any way by the Defendants, that was

contributed by or on the behalf of, belongs to and/or is required to be under the direct/indirect

control of the Plaintiffs, in accordance with the wiring instructions contained in Plaintiffs'

Entitlement Orders dated October 4th, and October 9th, 2021 ;

3

(ii)     Pursuant to Fed. R. Civ. Pro. 64 and CPLR § 63, granting Defendants possession, management and control over any and all securities in Defendants' brokerage/bank/depository/custodian accounts, or in any brokerage/bank/depository/custodian accounts created for the benefit of, managed by, controlled by, affiliated with, or opened for use/used in any way by the Defendants, that was contributed by or on the behalf of, belongs to and/or is required to be under the direct or indirect control of the Plaintiffs pursuant to the CMA Agreements entered into between Plaintiffs and Weiser Globla Capital Markets, Ltd., Weiser Global Asset Management and/or Weiser Asset Management (the "Weiser Defendants");

(iii)    Pursuant to Fed. R. Civ. Pro. 64 and CPLR § 63, compelling Defendants to transfer cash considerations in the total amount of $135,180,841.16 in accordance with the wiring instructions contained in Plaintiffs' Entitlement Orders dated October 4th, and October 9th, 2021, representing the total cash considerations held for the benefit of Plaintiffs in Depository Accounts with Defendants as of October 6th, 2021, the last time Plaintiffs had full access to their accounts with Defendants;

(iv)    Pursuant to Fed. R. Civ. Pro. 64 and CPLR § 6201, attaching all assets, securities, shares, stocks, financial instruments, bonds, cash, proceeds, proceeds of proceeds located in all brokerage/bank accounts belonging to, held for the benefit or interest of, and/or associated with Defendants Weiser Global Capital Markets Ltd., Weiser Global Asset Management, and Weiser Asset Management, in New York and globally, including all depository accounts and/or custodian accounts opened, operated and/or maintained by Defendants via third-party banking institutions;

(v)     Attaching all assets, shares, financial instruments, bonds, cash, proceeds and proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or

4

interest of and/or associated with Defendant Christos Livadas a/k/a Chris Livas, who is, upon

information and belief, a citizen of Canada, Switzerland and Greece, and a resident of Bahamas;

(vi)    Attaching all assets, shares, financial instruments, bonds, cash, proceeds and

proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or

interest of and/or associated with Defendant Hong ("Rainbow") Yang, who is, upon information

and belief,  a citizen of China;

(vii)    Attaching all assets, shares, financial instruments, bonds, cash, proceeds and

proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or

interest of and/or associated with Defendant Jamaal Stubbs, who is, upon information and belief,

is a resident of Bahamas;

(viii)    Attaching all assets, shares, financial instruments, bonds, cash, proceeds and

proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or

interest of and/or associated with Defendant Chris Papaioannou, a/k/a Christos Papaioannou, who

is, upon information and belief,  a citizen of the Unites States of America;

(ix)    Attaching all assets, shares, financial instruments, bonds, cash, proceeds and

proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or

interest of and/or associated with Defendant Shelby Brice, who is, upon information and belief, a

citizen and resident of Bahamas;

(x)    Attaching all assets, shares, financial instruments, bonds, cash, proceeds and

proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or

interest of and/or associated with Defendant Courtney Filipenko;

(xi)     Attaching all assets, shares, financial instruments, bonds, cash, proceeds and proceeds of proceeds located in any bank/brokerage account belonging to, held for the benefit or interest of and/or associated with Defendant Rahul Kirpalani;

(xii)    Ordering Alan Cole & Co, Chartered Accountants of Defendants to produce all financial records of Defendants for the years, 2018, 2019, 2020 and 2021;

(xiii)   Enjoining Defendants from buying, selling, trading-in, lending, hypothecating, or in any way altering, moving or transacting with any of the shares/securities belonging to and/or which were to be under the direction, ownership, indirect and/or direct control of the Plaintiffs;

(xiv)    Enjoining each Defendant, its officers, agents, employees, servants, and attorneys and all persons in active concert or participation with any of them who receive actual notice of this order, from transferring or withdrawing, or accepting any assets, funds, cash, shares and/or proceeds from any bank/brokerage account owned, operated, or related to the Defendants located in New York or globally;

(xv)     Until judgement following trial or further order of the Court, the Defendants must not:

(a) Exercise or cause to be exercised any rights in respect of any securities held, managed, controlled directly or indirectly by Defendants;

(b) Transfer, or cause to be transferred the proceeds of sale of any securities or any sums received as a result of Plaintiffs' dealings with Defendants, including cash dividends and any other form of distribution;

(c) Act in any way to prejudice the Plaintiffs' interest in any securities or any sums received, held or transferred from the sale of any of the shares owned by the Plaintiffs or controlled by the Plaintiffs on behalf of its Borrower clients;

(d) The Defendants will take all steps within its power to cause its financial institution to immediately remit all cash to the Plaintiffs attorneys as requested in the Entitlement Order submitted on October 4th, 2021.

(xvi)   Until the handing down of judgement following trial or further order of the Court, the Defendants must not:

(a) Remove or cause to be removed from the United States of America any of its assets, whether in cash, securities, bonds or other financial instruments;

(b) In any way dispose of, deal-in, deal-with or diminish the value of any of its, hers, his assets whether they are in or outside of United States of America;

(c) These provisions apply to all Defendants assets whether or not they are in its, her or his own name, whether they are solely or jointly owned for the purpose of this order the Defendants assets incluse any asset which it, she or he has the power, directly or indirectly to dispose, transfer or deal with as if it were its, her or his own. The Defendants are to be regarded having such power if a third party holds or controls the asset in accordance with its, her or his direct or indirect instructions;

(d) This prohibition includes all assets and securities held in the name of the Plaintiffs or held in the name of Borrowers having control ceded to Plaintiffs via Custodian Management Agreements ("CMA's");

(xvii)   The Defendants must, by 4:00 PM on October 15th, 2021

permit an inspection of its Books and Records, and further inform the Plaintiffs' attorneys:

(a) Of all its, her or his assets worldwide exceeding $10,000 in value whether in its, her or his own name or not and whether solely or jointly owned, maintained or controlled, its authorized signatory, giving value, location and details of all such assets;

(b) Full details of all securities owned by the Plaintiffs;

(c) Full details of all securities controlled by the Plaintiffs under all Custodian Management Agreements ("CMA");

(d) Full details of all securities sold, rehypothecated or transferred by the Defendants in the years 2018, 2019, 2020 and 2021 which either were owned by the Plaintiffs or held by Borrowers of the Plaintiffs under the rights afforded to Plaintiffs in accordance with the Custodian Management Agreements ("CMA") granted to Plaintiffs;

(e) Full details of all monetary transfers from the accounts of Plaintiffs for the years, 2018, 2019, 2020 and 2021;

(f) Identify the financial, banking and like institutions in which Defendants, jointly or separately, own or control accounts holding Plaintiffs' securities and/or cash proceeds.

(xviii) This Court Order does not prohibit the Defendants from spending up to One Thousand Dollars ($1,000.00) a week towards its, her or his ordinary living expenses and representation save that such sums may not come from the proceeds of sale of any shares belonging to Plaintiffs or under the direct or indirect control of Plaintiffs or from any of the funds belonging to the Plaintiffs;

(xix)   This Court Order will cease to have effect if the Defendants transfer into Court, to be held to the order of the court, the sum of at least Two Hundred and Ninety-Five Million Dollars ($295,000,000.00) in cash and at least One Hundred Fifty Million Dollars ($150,000,000.00) in Securities; or

Defendants make provision for security in that sum by another method agreed with the Plaintiffs' attorney.

(xx)   Granting such other and further relief as to the Court may seem just and proper.

The Court makes the following preliminary findings of fact and conclusions of law pursuant to Rules 64 of the Federal Rules of Civil Procedure and New York CPLR §§ 6201 and 6212 on the application of Plaintiffs for an *ex parte* order of prejudgment attachment:

1.      This is an action for money damages and injunctive relief;

2.      Plaintiffs have demonstrated a likelihood of success on the merits of its claims against Defendants;

3.      Defendants are not domiciled in this State;

4.      Defendants have not filed any counterclaims;

5.      The Court has personal jurisdiction over Defendants pursuant to New York CPLR §§ 302(a)(1) because Plaintiffs' claims arise out of Defendants use of bank accounts located in the State of New York to transact business and to commit illicit actions that have damaged Plaintiffs.

6.      An order of attachment is an appropriate exercise of the Court's discretion, as it is necessary to ensure that any judgment Plaintiffs obtain in this action against Defendants is satisfied.

7.      Injunctive relief is an appropriate exercise of the Court's discretion, pursuant to 18 U.S.C. § 1964(a), as it is necessary to ensure that any judgment Plaintiffs obtain in this action against Defendants is satisfied.  And it is further

(xxi)   ORDERED that  Defendants Weiser Global Capital Markets Ltd., Weiser Global Asset Management, and Weiser Asset Management,  along with their officers, agents, servants, employees, and attorneys, all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring any assets, shares, financial instruments, cash and/or proceeds located in all brokerage/bank accounts belonging to and/or associated with Defendants Weiser Global Capital

Markets Ltd., Weiser Global Asset Management, and Weiser Asset Management, in New York and globally, including depository accounts and/or custodian accounts opened, operated and/or maintained by Defendants via third-party banking institutions;

(xxii)  Ordered that all Defendants are hereby TEMPORARILY RESTRAINED from buying, selling, trading, dealing-in, lending, hypothecating, transferring, or in any way altering, moving or transacting with the shares/securities belonging to and/or which were to be under the direction and direct and indirect control of the Plaintiffs;

(xxiii) ORDERED that Defendant Christos Livadas, a/k/a Chris Liva, along with his agents, servants, employees, and/or attorneys, all persons in active concert or participation with him who receive actual notice of this order, be, and hereby is, TEMPORARILY RESTRAINED, from transferring any assets, shares, financial instruments, cash and/or proceeds located in any bank/brokerage account belonging to and/or associated with Defendant Christos Livadas, a/k/a Chris Liva;

(xxiv) ORDERED that Defendant Hong ("Rainbow") Yang, along with her agents, servants, employees, and/or attorneys, all persons in active concert or participation with her who receive actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring any assets, shares, financial instruments, cash and/or proceeds located in located in any bank/brokerage account belonging to and/or associated with Defendant Hong ("Rainbow") Yang;

(xxv)  ORDERED that Defendant Jamaal Stubbs, along with his agents, servants, employees, and/or attorneys, all persons in active concert or participation with him who receive actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring

any    assets, shares, financial instruments, cash and/or proceeds located in located in any

bank/brokerage account belonging to and/or associated with Defendant Jamaal Stubbs;

(xxvi)  ORDERED that Defendant Christos Papaioannou, a/k/a Chris Papaioannou, along

with his agents, servants, employees, and/or attorneys, all persons in active concert or participation

with  him  who  receive  actual  notice  of  this  order,  be,  and  hereby  are,  TEMPORARILY

RESTRAINED, from transferring any  assets, shares, financial instruments, cash and/or proceeds

located in located in any bank/brokerage account belonging to and/or associated with Defendant

Christos Papaioannou a/k/a Chris Papaioannou;

(xxvii) ORDERED that Defendant Rahul Kirpalani, along  with  his  agents,  servants,

employees, and/or attorneys, all persons in active concert or participation with him who receive

actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring

any assets, shares, financial instruments, cash and/or proceeds located in located in any

bank/brokerage account belonging to and/or associated with Defendant Rahul Kirpalani;

(xxviii)ORDERED that Defendant Courtney Filipenko, along with his agents, servants,

employees, and/or attorneys, all persons in active concert or participation with him who receive

actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring

any assets, shares, financial instruments, cash and/or proceeds located in located in any

bank/brokerage account belonging to and/or associated with Defendant Courtney Filipenko;

(xxix)  ORDERED that Defendant Shelby Brice, along  with  his  agents,  servants,

employees, and/or attorneys, all persons in active concert or participation with him who receive

actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring

any assets, shares, financial instruments, cash and/or proceeds located in located in any

bank/brokerage account belonging to and/or associated with Defendant Shelby Brice;

(xxx)    ORDERED that Defendant Jose Marmolejo, along with his agents, servants, employees, and/or attorneys, all persons in active concert or participation with him who receive actual notice of this order, be, and hereby are, TEMPORARILY RESTRAINED, from transferring any assets, shares, financial instruments, cash and/or proceeds located in located in any bank/brokerage account belonging to and/or associated with Defendant Jose Marmolejo;

(xxxi)  ORDERED that Defendant Christos Livadas is required to appear personally on the Instant Motion's return date, irrespective of whether counsel is retained;

(xxxii) ORDERED that Defendant Christos Livadas is required, on the return date,  to offer proof via verifiable bank statements of the location of all of Plaintiffs' assets believed to be in excess of Four Hundred Fifty Million Dollars ($450,000,000.00), and shall further present with verifiable bank statements for all Custodian/Depository Accounts opened and/or transacted with on behalf of Plaintiffs during the course of the last three (3) years;

ORDERED that this temporary restraining order shall be effective upon issuance;

ORDERED that service of this order and annexed affirmation and memorandum of law upon Defendants or their counsel via email, on or before _____ o'clock in the _____noon, _____ _____, 2021, shall be deemed good and sufficient service thereof.

Opposition papers shall be served electronically, by overnight mail, or by hand on counsel of record for Plaintiffs so that they are received on or before 5:00PM EST within ten days of service of this Order, or on a briefing schedule agreed upon by the parties and approved by the Court.

Dated: New York, New York
        October ____, 2021

13

_____
United States District Judge