UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OKSANA HRYN an individual and citizen of the Ukraine, YELYZAVETA LATA A/K/A ELIZAVETA LATA an individual and citizen of the Ukraine, IHOR USHENKO an individual and citizen of the Ukraine, VOLODYMYR HREN an individual and citizen of the Ukraine, ASTOR ASSET MANAGEMENT LTD., a corporation incorporated in St. Kitts and Nevis, ASTOR ASSET MANAGEMENT 1 LTD., a corporation incorporated in St. Kitts and Nevis, ASTOR ASSET MANAGEMENT 2 LTD., a corporation incorporated in St. Kitts and Nevis, ASTOR ASSET MANAGEMENT 3 LTD., a corporation incorporated in St. Kitts and Nevis, ASTOR ASSET MANAGEMENT 4 LTD., a corporation incorporated in St. Kitts and Nevis, ASTOR ASSET MANAGEMENT 7 LTD., a corporation incorporated in Anguilla, AMERICA 2030 CAPITAL LIMITED, a corporation incorporated in St. Kitts and Nevis, AMERICA 2030 CAPITAL 1 LIMITED, a corporation incorporated in St. Kitts and Nevis, AMERICA 2030 CAPITAL 2 LIMITED, a corporation incorporated in St. Kitts and Nevis, AMERICA 2030 CAPITAL 3 LIMITED, a corporation incorporated in St. Kitts and Nevis, AMERICA 2030 CAPITAL 4 LIMITED, a corporation incorporated in St. Kitts and Nevis, AMERICA 2030 CAPITAL 5 LIMITED, a corporation incorporated in St. Kitts and Nevis, ASTOR CAPITAL FUND LTD., a corporation incorporated in the Bahamas, BENTLEY ROTHSCHILD CAPITAL LIMITED, a corporation incorporated in St. Kitts and Nevis, BENTLEY ROTHSCHILD CAPITAL 1 LIMITED, a corporation incorporated in St. Kitts and Nevis, BENTLEY ROTHSCHILD CAPITAL 2 LIMITED, a corporation incorporated in St. Kitts and Nevis, BENTLEY ROTHSCHILD CAPITAL 3 LIMITED, a corporation incorporated in St. Kitts and Nevis, BENTLEY ROTHSCHILD CAPITAL 4 LIMITED, a corporation incorporated in St. Kitts and Nevis, BLACKROCK CAPITAL LLC, a corporation incorporated in the Bahamas, SAL OPPENHEIM LTD., a corporation incorporated in Seychelles, BEAR STERNS COMPANIES, a

Case No: _____ (   )

corporation incorporated in Seychelles, BENTLEY BRONFMAN CAPITAL LTD., a corporation incorporated in Belize, DREYFUS CORPORATION, a corporation incorporated in Belize, LINCOLN CAPITAL LTD., a corporation incorporated in Belize, NEWBURGH CAPITAL LTD., a corporation incorporated in Belize, SOVEREIGN LIQUIDITIY FUND, LTD., a corporation incorporated in Alaska, SOVEREIGN LIQUIDITY FUND, COMPANY 1 LTD., a corporation incorporated in Alaska, SOVEREIGN LIQUIDITY FUND, COMPANY 2 LTD., a corporation incorporated in Alaska, SOVEREIGN LIQUIDITY FUND, COMPANY 3 LTD., a corporation incorporated in Alaska, STATE STREET GLOBAL ADVISORS LTD., a corporation incorporated in the Bahamas, UNION PACIFIC CAPITAL LTD., a corporation incorporated in Belize, AC CAPITAL LIMITED, a corporation incorporated in Anguilla, BSC CAPITAL LTD., a corporation incorporated in Belize, CORNELIUS VANDERBILT CAPITAL MANAGEMENT LTD., a corporation incorporated in Belize, and AURELIUS CAPITAL MANAGEMENT LTD., a corporation incorporated in Belize

   Plaintiffs,

   vs.

WEISER GLOBAL CAPITAL MARKETS LTD., a Bahamas private limited company, CHRISTOS LIVADAS a/k/a CHRIS LIVAS, in his official capacity and individually, a citizen of Canada and permanent resident of the Bahamas, HONG "RAINBOW" YANG, an individual and citizen of Hong Kong, CHRIS PAPAIOANNOU a/k/a CHRISTOS PAPAIOANNOU, an individual, COURTNEY FILIPENKO, an individual, RAHUL KIRPALANI, an individual, SELBY BRICE, an individual, JOSE MARMOLEJO, an individual, JAMAAL STUBBS an individual and citizen of the Bahamas, WEISER GLOBAL ASSET MANAGEMENT, a corporation incorporated in the Bahamas, WEISER ASSET MANAGEMENT, a corporation incorporated in the Bahamas, and DOES 1-20.
   Defendants.

## DECLARATION OF IHOR USHENKO
## IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE

I, IHOR USHENKO, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen years, suffer from no legal incapacity, and I am otherwise *sui juris*.

2. I submit this Declaration upon personal knowledge and in support of Plaintiffs' motion, by order to show cause, which seeks prejudgment attachment of Defendants' assets, and ex parte emergency and injunctive relief restraining Defendants from assigning, alienating, transferring, encumbering, or otherwise dispensing with said assets, pending this Court's ruling on the motion.

3. The claims in the underlying action against Defendants include civil RICO, breach of contract, fraud, and other common law claims. A copy of the Complaint is annexed to the Affirmation of Ross E. Pitcoff as **Exhibit "N."**

4. In sum, this action arises out of Defendants' egregious, malicious and fraudulent fleecing of the Plaintiffs, who, as lenders and beneficial owners of over Fifty (50) depository accounts held with Defendant Weiser Global Capital Markets LTD. ("Weiser Global"), a purported reputable International Broker-Dealer and custodian for global transactions, have been wrongly victimized to the cumulative sum of nearly THREE HUNDRED MILLION DOLLARS ($300,000,000.00) constituting collateralized shares and cash, all of which has been nefariously misappropriated and converted by Defendant Christos Livadas through his Company, Weiser Global. Upon information and belief, Mr. Livadas and the other Defendants have perpetuated a colossal fraud upon the Plaintiffs, regulators, and global banks in which Weiser maintains depository accounts across the world.

5. I am a principal of the following entity Plaintiffs:

- BEAR STERNS COMPANIES, a foreign corporation duly formed in the Republic of Seychelles;

- BENTLEY BRONFMAN CAPITAL LTD., a foreign corporation duly formed in the Country of Belize;

- DREYFUS CORPORATION, a foreign corporation duly formed in the Country of Belize;

- LINCOLN CAPITAL LTD., a foreign corporation duly formed in the Country of Belize;

- NEWBURGH CAPITAL LTD., a foreign corporation duly formed in the Country of Belize;

- SOVEREIGN LIQUIDITIY FUND, LTD., a foreign corporation duly formed in Alaska;

- SOVEREIGN LIQUIDITY FUND, COMPANY 1 Ltd., a foreign corporation duly formed in Alaska;

- SOVEREIGN LIQUIDITY FUND, COMPANY 2 Ltd., a foreign corporation duly formed in Alaska;

- SOVEREIGN LIQUIDITY FUND, COMPANY 3 Ltd., a foreign corporation duly formed in Alaska;

- STATE STREET GLOBAL ADVISORS LTD., a foreign corporation duly formed in the Commonwealth of the Bahamas; and

- UNION PACIFIC CAPITAL LTD., a foreign corporation duly formed in the Country of Belize.

6. Each of the aforementioned eleven entities of which I am a principal ("the Lenders"), issued certain stock-loans in favor of certain borrowers, all of whom are individual officers owning shares in publicly traded corporations.

7. As detailed in the Complaint, in order to induce the Lenders to issue loans to these borrowers, the borrowers pledged their shares as collateral in order to obtain funds.

8. Between November 2018 and October 2021, the Lenders each retained Defendant Weiser Global (through "Custodian Management Agreement(s)" or "CMAs") as the custodian whose responsibility was to, *inter alia* (i) receive pledged collateral of the borrowers; (ii) receive and remit the cash loans from the Lenders to the Borrowers (the "Loan Proceeds"); (iii) manage the cash and stock considerations via various depository accounts set up by Weiser Global in banks in both New York and across the world, including the likes of Citibank, BNY Mellon and HSBC (the "Depository Accounts"); and (iv) sell/trade shares of stock and maintain cash proceeds in accordance with the instructions of the Lenders in order to protect the Lenders security interests and/or their obligations to the borrowers.

9. The CMA for my company Union Pacific Capital 1 Ltd is attached to the Complaint as **Exhibit "A."**

10. In many instances, there was not a CMA involved and the borrowers transferred ownership of the shares directly to each Lender in exchange for a loan. Thus, the securities belonged to the Lenders ("Plaintiffs").

11. The CMAs were entered into between the Lenders, the borrower, and Weiser Global, as Custodian. Weiser Global then was to facilitate the loan transaction(s).

12. The amounts held in the Depository Accounts are held for the benefit of the Plaintiffs only, and only them as Beneficial Owners of the Lenders, have authority to direct, authorize and conduct transactions via the Custodian, Weiser Global. Therefore, it is intended that I have complete control of the assets and cash considerations held in the Depository Accounts.

13. In accordance with the CMAs, the Lenders, at all times, maintained Depository Account(s) with Weiser Global, and are the parties authorized to receive shares, as well as funds for top-up, and may otherwise conduct, transmit and engage in transfers, and receive the benefits

of sale proceeds withdrawals. This includes all "proceeds of proceeds, cash, trades and other gains or takings derived during the term of the Loan." While instructions are provided by the Lenders, to Weiser Global, the Custodian, the Lenders do not actually have direct access to these Depository Accounts and cannot, by way of example, withdraw funds.

14. Upon information and belief, all of the CMA Agreements with the Plaintiffs contain a provision entitled "Control By Lender." Therein, the Lenders are given the authority to exercise "*all rights and privileges and perform all duties and obligations which may now or in the future pertain to the Borrower, as the Principal Account holder. **The Parties further acknowledge that Lender reserves the right to direct the Custodian to comply with Entitlement Orders originated by Lender.**"

15. I, as Beneficial Owner, can view the custodian accounts ("Custodian Accounts") held with Weiser Global's Depository Accounts via Weiser Global's online database. These accounts represent the assets and cash-on hand related to specific stock-loan transactions through the Lenders. Via Weiser Global's online database, the Lenders may track the amount of shares held in the Custodian Accounts, and may note of cash considerations and loan considerations contained therein, though they are never provided with direct access to the Custodian Accounts. As such, the opportunity for fraud and fiduciary breaching conduct by less than reputable actors, and, in this instance, international scam-artists, is eminently realizable. *See* Complaint, **Exs. F, G, and H.**

16. Beginning in or around August of 2021, Defendant Livadas, Weiser Global and the other Defendants embarked on an extraordinary and malicious global campaign to, in sinister fashion, deplete the each of the Plaintiffs' Depository Accounts by (i) selling our shares in the Custodian Accounts *without our authorization or consent,* in direct violation of the CMAs; and

(ii) transferring the our cash-proceeds on-hand in the Custodian Accounts *without our authorization or consent,* in direct violation of the CMAs.

17. When I began to take note that my Companies' assets and cash proceeds were being misappropriated and/or converted by the Defendants, sometimes to the tune of tens of millions of dollars on a single day, I, on behalf of the Lenders, began sending Entitlement Orders to the Defendants' attention, which, pursuant to the Defendants' own CMAs, require Defendants to act in accordance with Plaintiffs' instructions.

18. Between the months of August and October of 2021, I, on behalf of the Lenders sent Entitlement Orders to Livadas, Weiser Global and the Defendants on multiple dates, demanding an accounting of the funds in each of the Plaintiffs' accounts, and, finally *demanding that the Defendants remit all funds remaining in the Custodian/Depository Accounts to the Plaintiffs. See* Complaint, **Ex. B**.

19. Upon information and belief, and instead of complying with the Entitlement Orders as required under the CMA, the Defendants ignored the Plaintiffs' pleas and contractual rights.  Lavidas and Defendants then expedited the nature of the fraudulent conduct on Friday, October 8th, 2021, by locking me out of their Weiser Global online database altogether so that I had no access whatsoever to their Custodian Accounts and/or the proceeds contained therein. When access was regained, accounts were missing and millions of dollars' worth of cash/securities balances had disappeared.  A copy of screenshots from Friday, October 8th, 2021, showing the failed login attempts is annexed as **Ex. D** to the Complaint.

20. To clarify, on October 6, 2021, my accounts showed a cash balance of Forty Million Four Hundred and Fifty Thousand Eight Hundred and Fifty-Nine Dollars and Forty-One cents

($40,450,859.41). This was far less than the amounts that should have been in the account. See **Ex. C** to the Complaint.

21. When Defendants finally did reopen the Weiser Global online database, the results were shocking. Nearly all Custodian Accounts had vanished, with assets/proceeds entirely unaccounted for and missing in action. The cash on hand in my Weiser account on October 9, 2021 was -$615,294.89. All of this occurred following my decision to send Entitlement Orders to Livadas, Weiser Global, and the Defendants. *See* **Ex. E** to the Complaint.

22. As far as I am aware, I have not taken more than 10% of any amount due and owing to me from these accounts at any time.

23. In total, the amount of approximately Two Hundred and Ninety-Five Million Dollars ($295,000,000.00) cumulatively belonging to all of the Plaintiffs named herein has been misappropriated and converted by the Defendants without explanation and without any offering of recourse.

24. My understanding is that the combined amount of cash on hand in all of the Plaintiffs' accounts was $135,180,841.16 on October 6, 2021. *See* **Ex. C.**

25. In addition to their complete avoidance of the Plaintiffs, Defendants deleted all DropBox folders containing the underlying documents associated with the CMAs, and all loan documents contained therein with respect to the underlying Stock Loan Transactions, including Master Loan Agreements, Closing Statements, Interest Statements and related ancillary documents.  This DropBox was created by Christos Livadas and he requested that all documents pertaining to the loans to borrowers were uploaded to it.

26. In essence, the Defendants are attempting to eviscerate all information associated with the Custodian Accounts in the hope of successfully carrying out their intentional fraudulent

scheme to defraud the Plaintiffs out of hundreds of millions of dollars due and owing to them. The total amount available to the Plaintiffs has been reduced from approximately Two Hundred and Ninety-Five Million Dollars ($295,000,000.00) in August of 2021 to just under Five Million Dollars ($5,000,000.00) as of today's date. Absent immediate relief, this amount could easily be reduced to zero ($0.00).

27. It is respectfully submitted that without an order of attachment of Defendants' assets, and the issuance of a temporary restraining order, Plaintiffs' will be irreparably harmed by Defendants' ability to quickly withdraw said funds, and transfer and disperse same, leaving Plaintiffs with no practice remedy for Defendants' illicit conduct. The status quo must be maintained.

28. In addition to all other relief sought, I am respectfully requesting an Order for a transfer of all the funds present in my account on October 6th, 2021 to my attorney's escrow account in New York, and am requesting that the Court grant my entities possession of the shares/securities in my entities' custodian accounts currently held by the Defendants until the resolution of the instant action, so that the Defendants can be prevented from transferring and dispersing my funds.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 13, 2021
_____(country/state_____
,_____

Lviv, Ukraine

_____
IHOR USHENKO