LAE8HRYC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

OKSANA HRYN, et al.,

          Plaintiffs,

      v.                                21 Cv. 8437 (NRB)

WEISER GLOBAL CAPITAL MARKETS
LTD., et al.,

          Defendants.           Remote Conference
------------------------------x

                         October 14, 2021
                         12:00 p.m.

Before:

          HON. NAOMI REICE BUCHWALD,

                       District Judge

             APPEARANCES

ROSS PITCOFF LAW
    Attorneys for Plaintiffs
BY: ROSS E. PITKOFF
    DENNIS RYAN
      -and-
CRISCIONE RAVALA, LLP
BY: M. SALMAN RAVALA

LAE8HRYC

         (The Court and parties appearing via teleconference)
         THE COURT:  Good afternoon.  This is Judge Buchwald speaking.
         Who is on the phone for the plaintiffs?
         MR. PITCOFF:  Ross Pitcoff from Ross Pitcoff Law is here on behalf of the plaintiffs, as is Dennis Ryan from my office.
         MR. RAVALA:  Salman Ravala, from Criscione Ravala, is on as well.
         THE COURT:  This call is in response to plaintiffs' request -- I think it was framed as oral argument -- in connection with the order to show cause that was filed yesterday in 21 Cv. 8437, Oksana Hryn against Weiser Global Capital Markets Ltd.  There are many plaintiffs and many defendants.
         I did have the opportunity to review the papers, including the in-camera exhibits that were submitted to chambers yesterday.  I have given this considerable thought, and I have concluded that there is no federal subject matter jurisdiction.
         First, there is not complete diversity; and, second, to the extent that plaintiff is relying on RICO, not only have you not adequately pled RICO, but there is no extraterritorial application of RICO and this case is clearly focused outside the United States.

I don't think that there is any way for you to solve your diversity, or lack of diversity, subject matter jurisdiction under 1332.  On the RICO, I suspect the answer is that you cannot replead, but I have no objection to your trying.  My actual advice, for what it is worth because you're not paying anything for it, is that there are two possible jurisdictions that you might want to proceed in, one being the Bahamas where, if it is accurate, the defendant entity is a registered broker-dealer, or possibly Canada where, if it is accurate, the defendant is an international registered broker-dealer.

These views in no way express any reaction to the merits of the case.  I form no judgments about that.  But federal subject matter jurisdiction is step one.  It cannot be ignored for any reason.  And it is a waste not only of my time, but plaintiffs' time to even try to ignore the absence of subject matter jurisdiction, because at any time it is recognized that it does not exist will wipe out anything that would happen.  So to the extent that the plaintiffs are seeking quick relief, I would suggest strongly that you turn to another court which might be able to give it to you, but it's not this court.

MR. PITCOFF:  Your Honor, if I may, this is Ross Pitcoff for the plaintiffs.  I think one major hurdle and issue that we are foreseeing in this situation is that we have reason

LAE8HRYC

1  to believe that there are funds, including moneys and
2  securities, belonging to these plaintiffs in the state of New
3  York.
4          THE COURT:  Well, I'm sorry, sir, but I have read your
5  papers and there is really just about no indication of that
6  whatsoever.
7          MR. PITCOFF:  OK.  In particular exhibits we do
8  reference and show that there are Citibank accounts in the
9  state of New York where the borrowers are instructed to wire
10 funds to.  There is also in an exhibit another JP Morgan Chase
11 bank account listed as in New York, New York, where you have
12 Defendant Weiser wiring funds to counsel for the plaintiffs,
13 Jurist IQ, which is also located in New York, New York.
14         So through that lens, respectfully, we do feel that
15 there is a connection to this forum when it comes to the
16 securities and cash.  And that's our major concern here, to be
17 able to, at the very least, put a freeze on these items while
18 we pursue other claims, and if it's not, certainly, in this
19 jurisdiction, certainly elsewhere to ensure full relief, but in
20 the interim that's what we have come here to seek.
21         THE COURT:  I'm sorry.  I really don't think you have
22 made nearly a sufficient showing to assert and rely totally for
23 this case on sort of, I guess, a quasi in rem or in rem.  This
24 is not a maritime case.  OK.  You still need a subject matter
25 jurisdiction.  You rely on diversity.  You don't have it.  To

1    the extent you rely on RICO, you don't have it.
2            And I don't think you have anywheres near a strong
3    enough showing that the regular banking relationships of this
4    defendant are here.  In fact, when I read the exhibits, it was
5    clear to me that -- particularly I think it was Exhibit K --
6    that when the inquiry was made, so where will the money be, the
7    answer was clearly vague and it was:  We keep things at major
8    banks; global custodians from New York to Hong Kong; there is
9    no confirmation in advance about what local custodian we will
10   do; two of the banks, one was a Canadian bank, the other was a
11   Bahamian bank.  It was clear the one answering the question, I
12   think it was a lot of hyperbole and puffing and no real
13   answers, and I don't think that you really have a showing and I
14   don't think you have a real hook.
15           So, as I say, I am not dismissing it, but, frankly, as
16   I say, take my advice for what it's worth.  Go to the Bahamas,
17   go to Canada, and I really think you will have a much greater
18   chance of getting personal jurisdiction, and hopefully getting
19   relief, on the assumption that your clients deserve it.  I
20   don't know whether they do or they don't.
21           MR. PITCOFF:  Thank you, your Honor.
22           I would just point out just a couple of quick points.
23   Especially with our exhibits and in the expedited fashion that
24   we filed, I would note that in Exhibit L there is a clear
25   transaction with Weiser referencing Citibank New York and

1   requesting that funds be delivered to that account.  And in our
2   Exhibit K, on page 12 is where there is clear wiring
3   instructions from this JP Morgan Chase account of Weiser's in
4   New York, New York to the attorneys for the plaintiffs.
5           So I do understand that, ideally, we would have come
6   forth with an abundance of very, very clear documentation, but
7   respectfully, from our position, we do see these contacts that
8   exist, and for that reason we know that there is cash
9   considerations here.
10          THE COURT:  Historically, perhaps.  It's not now.  And
11  it's not significant in terms of any real indication, because
12  the real indication is that, when someone asks this defendant
13  where do you bank, they don't answer the question.
14          MR. PITCOFF:  The comment is taken and appreciated.  I
15  think, from our perspective, we see diversity in that you have
16  plaintiffs of one particular jurisdiction, namely, the Ukraine
17  and other European locations, and you have the defendants in
18  the Bahamas.
19          THE COURT:  Sir, go back to first year law school.
20  Read 1332.  That is not jurisdiction under 1332.  OK?  It just
21  isn't.
22          MR. PITCOFF:  OK.  I understand your time is valuable.
23  I certainly don't want to waste it.  I would also allude to
24  Exhibit J, where there are clear references to brokers in New
25  York.  And for that reason, at the very least, we feel we need

LAE8HRYC

1   to get some sort of relief over the assets here.
2           So that's what we are seeking, a TRO and a quick
3   turnaround for a preliminary injunction hearing.  We do believe
4   that that jurisdiction exists based upon the use of US banks
5   and the US dollar and the United States system.
6           THE COURT:  It's simply not good enough.
7           MR. PITCOFF:  OK.
8           THE COURT:  I am not signing this.  My advice is to go
9   to the Bahamas and pursue this there.  I am not dismissing it
10  outright.  You have a second chance to persuade me.  But you
11  are absolutely wrong, without doubt, on diversity.  You are
12  absolutely wrong, without doubt, on RICO.  And I don't think
13  that leaves you very much.
14          Very good.  Thank you.
15          (Adjourned)